Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 Cr 939 | DATE | August 13 2004 |
| CASE TITLE | USA  v  Shaun Brown | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOJune 14, 2004CKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ■ Status hearing held and continued to 10/26/04, at 9:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]Memorandum opinion and order entered. Accordingly, Government's motion in limine re: uncharged drug activity (404(b) is granted. Government's motion in limine re: obstruction of justice is denied. Defendant's motion to dismiss or alternatively o strike surplusage from indictment is granted in part, and "sentencing allegations" are stricken. Trial date of 10/16/04 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | AUG 1 8 2004 date docketed | 95 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | LS docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | date mailed notice | |
| GDS | courtroom deputy's initials | 2004 AUG 17 PM 12:48 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 00 CR 939 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| SHAUN BROWN ) | |

**DOCKETED**
**AUG 1 8 2004**

## MEMORANDUM OPINION AND ORDER

This matter came before the court on defendant's motion to dismiss indictment or, alternatively, to strike surplusage from indictment, and defendant's alternative motion to bifurcate proceedings, along with the government's motions in limine and other pretrial matters. For the reasons stated in open court this date, the court makes the following rulings:

1. The court grants the government's motion in limine regarding uncharged drug activity based on Federal Rule of Evidence 404(b).

2. The court denies the government's motion in limine regarding obstruction of justice. Further, the court will not permit the government to introduce, either in its case in chief or in a bifurcated sentencing proceeding, any evidence of obstruction of justice based on defendant's flight prior to the scheduled retrial of Count 1 of the indictment.

3. The court grants defendant's motion to dismiss indictment or, alternatively, to strike surplusage from indictment in part. The "sentencing allegations" of the superceding indictment dated July 27, 2004, are stricken.



4. In addition, the court will allow a special interrogatory to the jury with respect to item no. 2 in the "sentencing allegations" concerning the 17 kilograms of cocaine alleged to have been possessed by defendant during the course of the commission of the conduct on November 15, 200, alleged in the indictment. However, although in granting the government's first motion in limine the court will allow evidence of uncharged drug activity under Evidence Rule 404(b), the court will not allow the jury to consider, for sentencing purposes, the possession or distribution of any quantity of cocaine above the 17 kilograms at issue in the charged conduct involving the November 15, 2000, transaction.

5. The court grants the oral motion by the government to continue the trial date from August 16, 2004, to a date in the future after the court receives guidance from the United States Supreme Court in United States v. Booker and United States v. Fanfan. In addition, for the same reasons, the court grants the government's motion to exclude time under the Speedy Trial Act. See 18 U.S.C. §§ 3161(h)(8)(A), (B) (ii). The court notes that defendant vigorously objected to the continuance of the trial and answered ready for trial on the charged count involving the November 15, 2000, transaction. The court nevertheless determines that the interest of justice compels a continuation of the trial because of the uncertainty of the law involving the Supreme Court's decision in Blakely v. Washington, ___ U.S. ___, 2004 WL 1402697 (June 24, 2004), which the Supreme Court is likely to clarify in its expected expeditious rulings in Booker and Fanfan. In addition, defendant will suffer no prejudice as a result of this

continuation of the trial because he has already been convicted in the initial trial of this case of the money laundering counts (Counts 2 and 3) and was in state custody when he was located by the United States Marshal. Thus, the terms of his custody will not be increased as a result of the continuance. In addition, the government informed the court that if a continuance of the trial was not granted, the government had determined to appeal the rulings of this court as noted above, which would automatically stay for the proceedings in this court.

6. This matter is continued for a report on status to October 26, 2004, at 9:30 a.m. If the government determines to take a course of action that would avoid the problems that caused the court to continue the trial, the United States attorney is requested to inform the court at the earliest possible date so that a trial date can be set.

**ENTER:** **August 13, 2004**

Robert W. Gettleman
United States District Judge